a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ARTHUR ASHBUOGWU,                    CIVIL DOCKET NO. 1:20-CV-00133-P
Plaintiff

VERSUS                               JUDGE DRELL

PARISH OF RAPIDES,                   MAGISTRATE JUDGE PEREZ-MONTES
LOUISIANA, *ET AL.*,
Defendants

---

## REPORT AND RECOMMENDATION

Before the Court is a civil Complaint (ECF No. 1) filed by *pro se* Plaintiff Arthur Ashbuogwu ("Ashbuogwu").  Ashbuowgu names as Defendants Rapides Parish, the Alexandria Police Department, and the Pineville Police Department.  He complains that his rights were violated under 42 U.S.C. §1983, 15 U.S.C. § 2087, and various treaties.

Because Ashbuogwu fails to state a claim for which relief can be granted, his Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I.    Background

According to Ashbuogwu, this is a "whistleblower complaint" under 15 U.S.C. § 2087.  Ashbuogwu alleges: "The actions (gothicism) and practices (racketeering – RICO Act) are part of [Defendants] official policies."  ECF No. 1 at 2.  Ashbuogwu's Complaint contains 47 pages of disjointed allegations, legal summaries, and conclusions.

Ashbuogwu complains that he was deprived of due process through the denial of a jury trial as to disturbing the peace charges in Pineville City Court.  ECF No. 1-2 at 10.  He claims that "The Pineville City Court is a faux court, a kangaroo court used in a racket system to extort fines from people in the Parish of Rapides…."  *Id.* Thus, Ashbuogwu seeks damages under "Racketeering – RICO Act."  According to his exhibits, police were called to an AT&T store in August 2019 because Ashbuogwu was yelling about the store's return policy and refused to leave.  ECF No. 1-2 at 44.  Police also tried to get Ashbuogwu to leave the store, but he refused.  He was then placed under arrest and then released.   ECF No. 1-2 at 44.

Ashbuogwu alleges that he was denied his request to "produce essential court transcripts and court records that are necessary to put up a formidable defense" to the disturbing the peace charge.  ECF No. 1-2 at 11.   He also alleges that he was denied access to the courts by the "intimidation and harassment by the security apparatus of the Pineville City Court…."   ECF No. 1-2 at 11.   According to the exhibits, Ashbuogwu sent a written threat to staff and the public.  ECF No. 1-2 at 47.

Ashbuogwu alleges that the Alexandria Police Department and the Pineville Police Department refused to "produce a true police report" which is a statement of facts which chronicles the police interaction with the plaintiff and facts of events." ECF No. 1-2 at 12.  He also alleges that Defendants failed to advise him of his Miranda rights and wrongfully searched him during his arrest. *See id.* at 12-13.

Ashbuogwu states that his "chief complaint" is "prima-facie Gothicism, barbarism, torture, degrading, cruel and inhuman treatment while held in facility in

Parish of Rapides, Louisiana." ECF No. 1-2 at 9.  Ashbuogwu claims that he was

tortured with no food or water for three days while he was hospitalized under a

Physician's Emergency Certificate and Coroner's Emergency Certificate in November

2019.  *See id.*  He alleges that he was "left to defacate [sic], urinate on self after

initiation sedation that sedated Plaintiff into comatose state." *Id.*  Ashbuogwu alleges

that he was sedated "with medication that left the patient in a flatulent, agonizing

state for days." *Id.*  Ashbuogwu also lists: "video recording of the plaintiff in

uncompromising positions"; "use of unqualified medical providers"; "political rivals";

"use of choking, burning incenses to hallucinate and delude"; "extreme

temperatures"; and "denial of access to attorney or family." ECF No. 1-2 at 9-10.

According to his exhibits, Ashbuogwu was hospitalized because he barricaded

himself in his apartment, taped his IDs to the door, and spray painted "the blood of

Christ" all over his walls. ECF No. 1-2 at 35.  In the request for protective custody,

the officer indicated that Ashbuogwu had taken tissue paper and filled his vent

believing the air was contagious and sent to hurt him.  "Ashbuogwu had painted the

kitchen and stove red believing it was the blood of Jesus." ECF No. 1-2 at 34.  He

claimed that people were in his house all the time. *Id.*

Ashbuogwu states that he was deprived his right to liberty by the execution of

a fraudulent order for protective custody, physician's emergency certificate, and

coroner's emergency certificate. ECF No. 1-2 at 13.

According to his exhibits, Ashbuogwu is schizophrenic who suffers from

hallucinations. ECF No. 1-2 at 35.  According to Court records, Ashbuogwu was

3

previously charged in this Court with Threats Against the President of the United States. *United States v. Ashbuogwu*, 1:13-CR-0254 (W.D. La.), ECF No. 44. In 2014, he was found not guilty by reason of insanity and committed to the custody of the U.S. Attorney General for hospitalization. *Id.* In 2016, Ashbuogwu was released under specific conditions. *See id.* at ECF No. 61. The conditions of release terminated in 2018. *Id.* at ECF No. 79.

## II.  Law and Analysis

Ashbuogwu is not a prisoner; nor is he proceeding *in forma pauperis*. Therefore, the screening provisions of 28 U.S.C. §§ 1915 and 1915A are not applicable. However, in *Apple v. Glenn*, the United States Sixth Circuit Court of Appeals recognized a district court's inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)); *Deng v. Parker*, 2:18-CV-61, 2018 WL 6272460, at *1 (N.D. Tex. Oct. 22, 2018), *report and recommendation adopted*, 2018 WL 6270977 (N.D. Tex. Nov. 29, 2018), *appeal dismissed*, 799 F. App'x 301 (5th Cir. 2020).

Ashbuogwu names as Defendants the Alexandria Police Department and the Pineville Police Department. The capacity of a non-corporate entity to sue or be sued is governed by the law of the state where the district court is located. *See* Fed.R.Civ.P. 17(b)(3). Under the Louisiana Civil Code, two kinds of persons are

capable of being sued: natural persons and juridical persons. *See* La. Civ. Code art. 24.4. Article 24 defines a natural person as "a human being" and a juridical person as "an entity to which the law attributes personality, such as a corporation or partnership." *Id.* Natural persons enjoy general legal capacity to have rights and duties, but juridical persons are "creature[s] of the law and by definition, [have] no more legal capacity than the law allows." *Angers ex rel. Angers v. Lafayette Consol. Gov't.*, 2007 WL 2908805 at *2 (citations omitted). If a person is neither natural nor juridical, then it does not have procedural capacity to sue or be sued. *See Roy v. Alexandria City Council*, 2007-1322, p. 4 (La. App. 3 Cir. 5/7/08), 984 So. 2d 191, 194. "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Dantzler v. Pope*, 2009 WL 959508, at *1 (E.D. La. 2009) (citing *City Council of Lafayette v. Bowen*, 649 So.2d 611 (La. App. 3 Cir. 1994).

Under Louisiana law, police departments are not juridical entities capable of suing or being sued. *See Gemelli v. Louisiana*, 19-CV-13424, 2020 WL 3317033, at *10 (E.D. La. Apr. 29, 2020), *report and recommendation adopted*, 2020 WL 3297078 (E.D. La. June 18, 2020); *Brown v. City of Alexandria*, 17-CV-0798, 2018 WL 2425097, at *2 (W.D. La. May 29, 2018) (Alexandria Police Department is not an entity capable of being sued); *Hicks v. Page*, 10-CV-0084, 2010 WL 2243584, at *2 (W.D. La. Feb. 26, 2010), *report and recommendation adopted*, 2010 WL 2246393 (W.D. La. May 28, 2010); *Martin v. Davis*, 06-CV-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (citing *Carpenter, et al. v. Munch, et al.*, No. 03-1706 (E.D. La.), ECF No. 33 (9/10/04 Minute Entry); *Dugas v. City of Breaux Bridge Police Department*, 99-1320 (La.App.

3 Cir. 02/02/00), 757 So.2d 741, 744; *Causey v. The Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D. La. 2001); *Manley v. State*, 2001 WL 506175 (E.D. La. 2001); *Norwood v. City of Hammond*, 1999 WL 777713, at p. 3 (E.D. La. 1999); *Boudreaux v. Bouregeois*, 1999 WL 804080 (E.D. La. 1999).  Thus, Ashbuogwu fails to state a claim against the Alexandria Police Department or the Pineville Police Department.

Although Rapides Parish, as a local governing body, is a "person" within the meaning of § 1983 and is subject to suit under that provision, a governmental body may not be held vicariously liable for the actions of its employees.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Monell*, 436 U.S. at 694.  Further, the plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 122–24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33–34 (5th Cir. 1982), *overruled on other grounds, Int'l Woodworkers of America v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986); *Authement v. Terrebonne Par. Sheriff's Office*, 09-CV-5837, 2009 WL 4782368, at *5 (E.D. La. Dec. 3, 2009).

Ashbuogwu has not alleged a legitimate basis for having named the Parish in his Complaint.  He has not identified a parish policy, practice, or custom which caused him damage.  Nor has Ashbuogwu provided any evidence that the orders of commitment were invalid or deficient.

Moreover, Ashbuogwu's Complaint contains only labels and conclusions regarding allegations of racketeering, and Ashbuogwu does not provide a comprehensible factual basis for relief under RICO. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice); *Boice-Durant v. Kenner Police Dep't*, 12-CV-603, 2014 WL 1514103, at *2 (E.D. La. Apr. 15, 2014) (dismissing RICO claim because the complaint "merely lists a series of predicate offenses and wrongdoings allegedly committed by the defendants and conclusively states they are a part of an enterprise").

## III.   Conclusion

Because Ashbuogwu's Complaint (ECF No. 1) is frivolous and fails to state a claim for which relief can be granted, it should be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 17th day of September 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE